**Ted LANGEL, Sylvester Irlbeck and Henry Schneider, Appellants,**

v.

**BOARD OF SUPERVISORS OF CARROLL COUNTY, Iowa, consisting of Donald O'Herron et al., Appellees.**

**BOARD OF SUPERVISORS OF CARROLL COUNTY, Iowa, consisting of Donald O'Herron et al., Cross-Petitioners-Appellees,**

v.

**CARROLL COUNTY BOARD OF EDUCATION, consisting of Walter Roster, President, et al., Defendants on Cross-Petition, Appellees.**

**No. 54461.**

Supreme Court of Iowa.

May 5, 1971.

Wunschel & Schechtman, Carroll, for appellants.

David E. Green, Carroll, for appellees.

Hanson & Barron, Audubon, for cross-petition-appellees.

BECKER, Justice.

Plaintiff taxpayers of Eden Township, Carroll County, Iowa, filed a petition in mandamus in the district court against the Board of Supervisors of Carroll County. The Carroll County Board of Education are intervenors. Plaintiffs seek refund of taxes paid by them under what they contend was an illegal levy. The case was tried under a stipulation of facts. Trial court held the taxes were legally assessed and dismissed the petition. Plaintiffs appeal. We affirm.

The sole issue raised here is whether Eden Township School District, comprising about 30 sections in Carroll County, is a part of the Carroll County School System.

Eden Township School District did not operate a public school within its district during the years 1964 to 1968 (pertinent here) but sent its public school students to schools operated by nearby Manning Community School District and Templeton Independent School District. Tuition was paid by the school district of residence to the host district. Electors living in the Eden County District voted at the elections held for directors of the Carroll County Board of Education. It was further stipulated:

"* * * the Eden Township School District have had all of the benefits of and all of the services provided by the County Board of Education, for districts not operating a public school (but with tuition students), including but not limit-

ed to, the approval of designations of students to public schools in other districts, special education programs for students residing in the Eden Township School District, review of all designations of students, appeals to the County Superintendent under Chapter 290 of the Iowa Code, reorganization matters under Chapter 275 of the Iowa Code, transportation matters before the County Board under Sections 285.4 and 285.12 of the Iowa Code, the processing of reports relating to school census and other statistical data and all other services required by law to be rendered by the County Board of Education to residents of the county school system."

I. Plaintiffs rely on their interpretation of Iowa Code, 1966, §§ 273.1, 273.2 and 273.13(10):

"273.1 System created. There is hereby created in each of the several counties of the state, a county school system which shall be a part of the public school system of the state.

"273.2 Schools included. The county school system shall embrace all the public schools of the county, except independent and consolidated school districts that maintain four-year high schools and shall be under the direction of the county board of education as provided in this chapter. Any independent school district or consolidated school district may become a part of the county school system upon approval by the voters of the district in the manner provided in chapter 278, and notifying the county superintendent, the superintendent of public instruction and the county auditor, in which case the district shall become a part of the county school system on the first secular day of July next following. * * *.

"273.13(10) At the regular or special meeting held between July 1 and July 15, consider the budget as submitted by the county superintendent, and certify to the county auditor the estimates of the

amounts needed. Such estimates shall follow the budget procedure under chapter 24. The boards or board of supervisors of the county or counties, territory which comprises the territory of the county school system, shall levy a tax on all the taxable property in the county school system for the amount certified."

Section 273.2 states the county school system shall embrace *the public schools of the county.* Plaintiffs contend use of the words *public schools* rather than *public school districts* is fatal. They say:

" * * * It is our contention then, that when the statute includes schools of the county, the districts, or their governing bodies are included. The only logical conclusion is that if a school district does not have a public school then it is not such a district which would be included in a statute regarding public schools. It must be remembered, Section 273.2 does not say that the county school system embraces all districts, but says it included all public schools."

We disagree. As observed by the trial court the statute is ambiguous. When the statute provides for exclusion of certain independent school districts it excludes what is not included in the general definition. This is true unless, as the trial court concluded, the use of the term "public schools" is construed to mean "public school districts". In essence plaintiffs argue for one more addition. They contend the term should be construed to read "public school districts that operate a public school".

Statutory construction is properly invoked where the statute contains an ambiguity or obscurity. The construction should be reasonably and sensibly consistent with the intent of the legislature to effectuate the purpose of the statute. The applicable rules of construction are set out at length in Hedges v. Conder, 166 N.W. 2d 844, 850 (Iowa 1969) and Janson v. Fulton, 162 N.W.2d 438, 442 (Iowa 1968).

Plaintiffs' school district and its residents have been furnished services by the county school system; its resident electors have voted for county school system officials; it has in fact operated as a part of the county school system. The school district residents are subject to taxes in the same manner as other school districts which are a part of the county system.

II. In 1966 the legislature changed section 273.13(10) which empowers the Board of Supervisors to levy a tax on the affected property. The language was changed from the power to levy a tax "on all the taxable property in the county" to "on all the taxable property in the county school system". This does not change our view of the scope to be given the term county school system. The statute excludes independent and consolidated school districts that maintain four-year high schools.[1] This factor indicated possibilities of taxing situations which would include tax areas within the county school system which are not a part of the county school system itself. Further, we now have school districts comprised of territory in two counties. The amendment clarifies the statutes as to the area in which the property is to be taxed. It does not show an intent to exclude from the county school system those school districts that do not operate a school.

The trial court acted correctly when it dismissed plaintiffs' case.

Affirmed.

All Justices concur, except REYNOLDSON, J., who takes no part.

---

1. This exclusion was removed in 1970. But the amendment does not affect this decision. Acts of the Second Regular Session of the General Assembly, 63 G.A., chapter 1025, section 16.