Don Ray NORTON and Linda Sue Norton, Appellants,

v.

LOCAL LOAN, Appellee.

No. 2–58245.

Supreme Court of Iowa.

March 16, 1977.

Timothy I. Markel, Glenwood, for appellants.

Noran L. Davis, Council Bluff, for appellee.

Heard before MOORE, C. J., and REES, REYNOLDSON, HARRIS and McCORMICK, JJ.

HARRIS, Justice.

This tort suit was brought as a result of a long distance phone call placed by defendant's agent in Nebraska to plaintiffs in Iowa. The call was defendant's sole alleged contact with this state. The petition was in three divisions. Two were based on the Iowa consumer credit code; the third was a common law claim of intentional infliction of emotional distress. Service of original notice was under § 617.3, The Code (long arm statute). Defendant filed a special appearance on the ground the alleged phone call was insufficient minimum contact with this state to support in personam jurisdiction. The special appearance was sustained and plaintiff appeals. We reverse the trial court and remand.

The parties stipulate plaintiffs are indebted to defendant. The debt, which was the subject matter of the call, was undertaken in California at a time when all parties were residents there. The debt was payable in California.

Service of original notice upon defendant was attempted under § 617.3 by filing a copy with the Iowa Secretary of State and mailing a copy to defendant in Nebraska by certified mail. Section 537.1203(2), The Code, provides original notice over non-residents in actions under the Iowa consumer credit code may be served as provided in § 617.3. There is no contention plaintiffs failed to comply with the procedural requirements of § 617.3.

I. Principles governing review of a special appearance were summarized in *Edmundson v. Miley Trailer Co.*, 211 N.W.2d 269, 271 (Iowa 1973). We said:

"In passing on a special appearance we accept as true the allegations of the petition and contents of uncontroverted affidavits. The burden is upon the plaintiff to sustain jurisdiction. Once plaintiff has made a prima facie showing of jurisdiction the burden of going forward with the evidence falls upon defendants to rebut or overcome the prima facie showing. A hearing on a special appearance is a special proceeding not reviewable de novo. The findings of the trial court have the force and effect of a jury verdict. (Authorities)." See also *Douglas Mach. & Eng. v. Hyflow Blanking Press,* 229 N.W.2d 784, 787–788 (Iowa 1975); *Creative Commun. Consult. v. Byers Transp.,* 229 N.W.2d 266, 267–269 (Iowa 1975).

In *Edmundson,* supra, a trailer hitch was manufactured and placed in the stream of commerce by one defendant in a foreign state. The same hitch was serviced by a second defendant in another state. It was obvious to both defendants the product was to travel on highways throughout the United States. We held both defendants subject to Iowa jurisdiction when an accident occurred in this state as a result of their alleged negligence.

At 211 N.W.2d 272 we said:

"A state has power to exercise judicial jurisdiction over an individual who causes effects in the state by an act done elsewhere with respect to any cause of action arising from these effects unless the nature of the effects and the individual's relationship to the state make the exercise of such jurisdiction unreasonable."

■ Plaintiffs in the instant case allege in division III of their petition an action for intentional infliction of emotional distress. Under the rules set out in *Edmundson* this claim is one for tortious conduct committed "in whole or in part" in Iowa. See § 617.3. Under *Edmundson* in personam jurisdiction exists over defendant for plaintiffs' claim of intentional infliction of emotional distress.

■ II. A closer jurisdictional question is presented on plaintiffs' claims under the Iowa consumer credit code. Plaintiffs' first division is based on § 537.7103(1)(e), The Code, which makes it unlawful for any debt collector to falsely threaten "* * * that nonpayment of a debt may result in the arrest of a person or the seizure, garnishment, attachment or sale of property or wages of that person." Plaintiffs' second division is based on § 537.7103(3)(a), The Code, which makes it unlawful for a debt collector "* * * to communicate or imply the fact of a debt to a person other than the debtor or person who might reasonably be expected to be liable for the debt, [without] written permission of the debtor given after default. * * *."

The question of jurisdiction for plaintiffs' claims under the consumer credit code differ from plaintiffs' common law claim because chapter 537 expressly provides for the scope of its application and jurisdiction. Section 537.1201(1)(c) provides in relevant part:

"This chapter applies to * * * [a]cts, practices, or conduct in this state in the solicitation, inducement, negotiation, collection or enforcement of a transaction, without regard to where it is entered into or modified; including, but not limited to, acts, practices or conduct in violation of [various sections] and article 7." Article 7 includes § 537.7103.

Section 537.1203(1), The Code, provides for both subject matter jurisdiction and in personam jurisdiction:

"The district court of this state may exercise jurisdiction over any person with respect to *any conduct in this state* governed by this chapter or with respect to any claim arising from a transaction subject to this chapter. In addition to any other method provided by rule or by statute, personal jurisdiction over a person may be acquired in a civil action or proceeding instituted in the district court by the service of process in the manner provided by this section." (Emphasis added.)

Under the foregoing sections the propriety of the trial court's ruling hinges on whether defendant's alleged conduct was "conduct in this state." The question is one of first impression. The phrase is not plain and unambiguous; it is not clear whether a telephone call from Nebraska to Iowa is "conduct in this state." Accordingly we must resort to the usual rules of statutory construction to learn the meaning of the phrase. See *Langel v. Board of Supervisors of Carroll County,* 186 N.W.2d 608, 610 (Iowa 1971) and authorities.

Some light on the question is shed by reading other sections in pari materia. Sections 537.1201(2)(a)(1), 537.1201(2)(a)(2), and 537.1201(2)(b)(1) claim jurisdiction over a nonresident creditor who solicits a transaction with a resident debtor by phone or mail. Surely the legislature must have intended § 537.1201(1)(c) and § 537.1203 to have similar application and similar jurisdiction.

Additional light on legislative purpose is shed by § 537.1102 which states the purposes and policies of the chapter. The clear legislative desire for liberal construction announced in that section suggests a broad claim of in personam jurisdiction.

Chapter 537 was enacted as chapter 1250, Acts of the 65th G.A. and became effective July 1, 1974. Passage was at a time when the legislature was aware of our holding in *Edmundson* interpreting the language in § 617.3 which allows in personam jurisdiction in tort cases where the tort was committed "in whole or in part in Iowa." An argument can be made the legislature's selection of the language "conduct in this state" (not including the expression "in whole or in part") indicates legislative desire for a more restricted view of in personam jurisdiction. On the other hand it can be argued as logically the legislature would have used more specific language than "conduct in this state" if it had not desired a broad application of in personam jurisdiction. We note chapter 537 is a uniform act and its language was adopted rather than drafted by the legislature. See 32 ICA 36s.

We think the legislature intended "conduct in this state" to include a telephone call from another state into Iowa. Such an interpretation is necessary to give a liberal and uniform application to chapter 537. The call provides sufficient "minimum contacts" with Iowa so the "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" See *International Shoe Co. v. Washington,* 326 U.S. 310, 316–319, 66 S.Ct. 154, 158–160, 90 L.Ed. 95, 102–104 (1945). We perceive no reason to distinguish between a telephone call and a manufactured product in the stream of commerce. See *Edmundson,* supra. The maker of such a telephone call into Iowa should assume the burdens of Iowa law. See *Edmundson,* supra, 211 N.W.2d at 272.

We hold the trial court erred in sustaining defendant's special appearance. The judgment of the trial court is reversed and the case remanded.

REVERSED AND REMANDED.

All Justices concur except McCORMICK, J., who concurs in Division I and in the result.