Thomas E. **LAWSON**, et al., **Respondent,**

v.

Greg L. **DARRINGTON, Respondent,**

**Hickory Hoe Company, and/or Eugene Nerby d.b.a. Don & Ruby's Bar, Petitioners, Appellants,**

**Herbert L. Banton, et al., Respondents.**

No. C4–87–1532.

Court of Appeals of Minnesota.

Dec. 22, 1987.

**842**

Stephen R. Erickson, Albert Lea, for Thomas E. Lawson, et al.

Joseph M. Goldberg, Minneapolis, for Greg L. Darrington.

John S. Beckman, Austin, for Hickory Hoe Company, and/or Eugene Nerby d.b.a. Don & Ruby's Bar.

* Acting as judge of the Court of Appeals by ap-

Jeffrey M. Bauer, Minneapolis, for Herbert L. Banton, et al.

Heard, considered and decided by RANDALL, P.J., and HUSPENI and STONE\*, JJ.

## OPINION

RANDALL, Judge.

Respondent Lawson brought an action in Minnesota against Hickory Hoe Company and its sole shareholder, Eugene Nerby, to recover damages for his injuries sustained in a Minnesota car accident following an alleged illegal sale of alcohol in Iowa. Hickory Hoe and Nerby challenged Minnesota jurisdiction. The trial court denied Hickory Hoe and Nerby's motions for summary judgment, holding, among other things, that Hickory Hoe and Nerby had sufficient minimum contacts to allow Minnesota courts to exercise personal jurisdiction. In its amended findings and order dated August 3, 1987, the trial court dismissed Nerby as a defendant, but denied Hickory Hoe's motion for summary judgment. Appellant petitioned this court for discretionary review. Minn.R.Civ.P. 105.-01. We affirm.

## FACTS

Early in the morning of May 15, 1984, while returning to Minnesota from an Iowa bar, respondent Thomas Lawson (Lawson) was seriously injured. The car in which he was riding, driven by Gregg Darrington (Darrington), was in an accident in Minnesota.

Respondents Lawson and Darrington were both residents of Albert Lea, Minnesota, at the time of the accident. The previous morning they purchased a case of beer at Harley's Liquor Store in Albert Lea. In the evening, Darrington drove Lawson to Glenville, Minnesota, where they met some friends. The group parked in a driveway near Glenville and drank the

pointment pursuant to Minn. Const. art. 6, § 2.

case of beer. At approximately 11:30 p.m., respondents decided to drive by themselves to Northwood, Iowa, to purchase additional off-sale beer. Upon arriving in Northwood, respondents discovered all the bars were closed. Respondents then drove to a Lake Mills, Iowa, gas station to purchase 3.2 beer. The gas station was closed. Respondents went into an unidentified bar in Lake Mills and unsuccessfully tried to purchase additional beer. Respondents finally went to Dusty's Bar and Lounge in Lake Mills and purchased a twelve pack of off-sale beer.

They left the twelve pack of beer in the car and went into Don & Ruby's Bar to "watch the strippers." Lawson alleges that, at this time, Don & Ruby's Bar made illegal sales of intoxicating beverages to Darrington.

After the bar closed, respondents began to drive back to Albert Lea, Minnesota. Darrington was driving and Lawson was in the passenger seat. On the road back to Albert Lea, respondents were involved in a one car accident approximately three miles north of the Iowa/Minnesota border.

Don & Ruby's Bar is owned by Hickory Hoe Company, an Iowa corporation. It is located approximately twelve miles south of the Minnesota border in the village of Lake Mills, Iowa. The bar has operated under the name of "Don & Ruby's Bar," and located in Lake Mills, Iowa, for over twenty-five years. Eugene Nerby purchased Hickory Hoe in April 1984.

Appellant's contacts with the State of Minnesota include the following: Two or three times a year, appellant hired dancers from the Austin/Albert Lea area. The bar used three booking agencies, one of which was located in Minneapolis, for locating rock band talent. It employed the Minneapolis agency at the time of the accident, and two Minnesota bands were previously employed by the bar.

Previous owners of Don & Ruby's Bar advertised in southern Minnesota under the name Don & Ruby's for several years prior to the accident. Newspaper advertisements were regularly placed in the *Albert Lea Tribune* between 1980 and 1986. Radio advertisements were carried on KCPI, an Albert Lea FM radio station, between December 1982 and June 1983.

When Nerby purchased Hickory Hoe in April 1984, he continued to advertise under the name of Don & Ruby's Bar because Don & Ruby's was a recognized "key name." Appellant ran a three month advertising campaign on KAUS, an Austin, Minnesota, FM radio station, during April, May, and June 1984 at a cost of $300 a month. These ads were aired on a daily basis during the supper hour. Appellant also advertised in the *Albert Lea Tribune* on August 9, 1984, and February 20, 1986, after the accident.

## ISSUE

Did appellant have the sufficient minimum contacts to permit the exercise of personal jurisdiction in Minnesota?

## ANALYSIS

Minnesota may exercise personal jurisdiction over a nonresident defendant when two requirements are met. First, the elements of Minnesota's long arm statute must be satisfied. Second, the exercise of jurisdiction must not offend the due process clause of the United States Constitution. *Leach v. Curtis of Iowa, Inc.*, 399 N.W.2d 656, 658 (Minn.Ct.App.1987).

Minnesota's long arm statute allows exercise of jurisdiction over a foreign corporation or individual if the corporation or individual commits an act outside Minnesota that causes injury or property damage in Minnesota. Minn.Stat. § 543.19(1)(d) (1984). The long arm statute has been interpreted to extend personal jurisdiction to have "maximum extraterritorial effect[s]" under the due process clause of the fourteenth amendment. *Rostad v. On-Deck, Inc.*, 372 N.W.2d 717, 719 (Minn. 1985), *cert. denied*, 474 U.S. 1006, 106 S.Ct. 528, 88 L.Ed.2d 460 (1985); *Janssen v.*

*Johnson,* 358 N.W.2d 117, 119 (Minn.Ct. App.1984). The exercise of personal jurisdiction must meet constitutional standards of due process. *Rostad,* 372 N.W.2d at 719. The due process clause requires sufficient minimum contacts between the nonresident defendant and the forum state so that requiring the nonresident to defend in the forum state does not violate traditional notions of fair play and substantial justice. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *International Shoe Co. v. State of Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). In each case there must be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thereby invoking the benefits and protection of its laws. *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). The nonresident must reasonably anticipate being sued in the forum state's court. *Burger King,* 471 U.S. 462, 105 S.Ct. 2174; *World Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

The Minnesota Supreme Court has held that jurisdiction is proper where a foreign entity takes affirmative action inside the forum state, and intentionally sets in motion a chain of events which injure a resident. *Anderson v. Luitjens,* 311 Minn. 203, 108, 247 N.W.2d 913, 916 (Minn.1976). In *Dent–Air, Inc. v. Beech Mountain Air Service, Inc.,* 332 N.W.2d 904 (Minn.1983), the supreme court adopted a five factor test to analyze jurisdictional requirements. The factors to be considered include: 1) the quantity of contacts; 2) the nature and quality of contacts; 3) the source and connection of those contacts to the cause of action; 4) the interest of the forum state; and 5) the convenience of the parties. *Id.* at 907. The first three factors are primary. *Rostad,* 372 N.W.2d at 720.

In *West American Insurance Company v. Westin Inc.,* 337 N.W.2d 676 (Minn. 1983), the supreme court declined to exercise personal jurisdiction over a nonresi-

dent liquor vendor where only one hearsay allegation constituted the contact and no solicitation contacts were alleged. In *BLC Insurance Company v. Westin, Inc.,* 359 N.W.2d 752 (Minn.App.1985), *pet. for rev. denied* (Minn. Apr. 15, 1985), *cert. denied,* 474 U.S. 844, 106 S.Ct. 132, 88 L.Ed.2d 109 (1985), this court held a Wisconsin border vendor of intoxicating liquor, which had advertised on a Twin Cities radio station, established sufficient minimum contacts to permit Minnesota to exercise personal jurisdiction. The *BLC Insurance* case distinguished *West American* noting there was no evidence in *West American* of advertising in Minnesota.

Appellant contends both the due process clause of the United States Constitution and Minn.Stat. § 543.19 require respondents to make a *prima facie* showing that appellant has transacted business in Minnesota and that respondents' injuries arise from or relate to appellant's activities in Minnesota. Therefore, appellant argues, this court should limit its jurisdictional analysis to determining whether appellant's Minnesota advertising "directly caused" respondents Lawson's and Darrington's trip to Don & Ruby's Bar. We disagree with this narrow interpretation. Due process is satisfied by a showing that the Minnesota activities of the nonresident liquor vendor relate to the operation of the bar and solicitation of Minnesota residents. Appellant should reasonably have anticipated being sued in Minnesota in view of the number and continuing nature of its activities in Minnesota. *See Defoe v. Lawson,* 389 N.W.2d 757 (Minn.App.1986), *pet. for rev. denied* (Minn. Sept. 24, 1986).

In this case there are sufficient minimum contacts to exercise jurisdiction under the factors set in *Dent–Air.* Appellant hired dancers from the Austin/Albert Lea area of Minnesota two to three times annually. One of appellant's three band booking agencies was located in Minneapolis. Appellant previously employed two Minnesota bands, one with great frequency. And more importantly, appellant purposefully

and actively solicited Minnesota customers. *BLC Insurance* 359 N.W.2d at 754.

The previous owners advertised in the *Albert Lea Tribune* between 1980 and 1984. Radio advertisements were played on KCPI–FM of Albert Lea between December 1982 and June 1983. After Eugene Nerby purchased Hickory Hoe, he continued to advertise under the name "Don & Ruby's Bar" in order to maintain the goodwill established by previous owners. In April, May and June 1984, appellant aired daily advertisements in the Austin/Albert Lea area during the supper hour on KAUS–FM of Austin, Minnesota. In addition, appellant placed ads in the *Albert Lea Tribune* on August 9, 1984, and February 20, 1986, after the accident.

The nature and quality of the contacts favors the exercise of personal jurisdiction. Contacts initiated by appellant with Minnesota relate to the operation and solicitation of Minnesota customers.

The source and connection of appellant's contact with Minnesota relate to the cause of action. Appellant purchased goods and services relating to the promotion of its liquor business in Minnesota. Appellant actively solicited customers in Minnesota to come to Iowa to drink, and had to know that those customers would be drinking prior to a return trip to Minnesota. Appellant could reasonably anticipate being hailed into Minnesota courts for injuries incurred by Minnesota residents on a return trip from appellant's Iowa establishment.

Finally, both the interest of Minnesota in the litigation and convenience of the parties favor Minnesota's exercise of personal jurisdiction over appellant. The accident occurred in Minnesota. A Minnesota resident was injured. Several of the key witnesses, including Lawson, Darrington, Harley's Liquor Store, and the sole shareholder and officer of appellant, Hickory Hoe Company, reside in Minnesota. Thus the convenience of the parties is also served by Minnesota's exercise of personal jurisdiction over appellant.

**DECISION**

Appellant's minimum contacts with Minnesota are sufficient to permit the exercise of personal jurisdiction.

Affirmed.