**In re the MARRIAGE OF Carolyn A. BUSHAW and Daniel Dean Bushaw,**

**Upon the Petition of Carolyn A. Bushaw, Appellee,**

**And Concerning Daniel Dean Bushaw, Appellant.**

No. 92–705.

Supreme Court of Iowa.

June 16, 1993.

Stephen D. Saunders of Clefisch & Saunders, Elkader, for appellant.

Carolyn J. Beyer of Wenzel, Piersall & Harms, P.C., Cedar Rapids, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SCHULTZ, and LAVORATO, JJ.

SCHULTZ, Justice.

The issue in this appeal is whether a Louisiana court had personal jurisdiction over an Iowa resident when it modified the terms of an Iowa dissolution decree. The Louisiana judgment was filed in the office of the clerk of the district court of Clayton County, Iowa. The district court refused to vacate the Louisiana judgment. Because we hold the Louisiana court lacked personal jurisdiction over the Iowa resident, we reverse and remand.

Daniel and Carolyn Bushaw were divorced in 1982 in Iowa. The Bushaws have two sons, Shane Michael, born in 1975 and Heath Jacob, born in 1976. The Decree of Dissolution of Marriage was entered by the Delaware County district court and provided that Daniel would pay $125 per month per child in support and $325 to Carolyn in alimony. The decree adopted the terms of the parties' stipulation which provided that the clerk of court would increase or decrease the child support level by using either the Consumer Price Index or the net change in Daniel's adjusted gross income. In addition, the decree provided that Daniel would take the tax deductions for the two children.

After the divorce, Carolyn and the two boys moved to Covington, Louisiana, where they have resided for over nine years. Daniel moved to Clayton County, Iowa, and although he has not seen the children since they moved to Louisiana, he is current in his child support payments.

Carolyn filed a Rule to Modify Foreign Child Support Order in the 22nd Judicial District Court, Parish of St. Tammany, Louisiana, on October 31, 1990. Carolyn sought an increase in child support due to changed circumstances. The Louisiana court ordered Daniel to show cause why the child support should not be increased. Carolyn's attorney sent a copy of the Citation and Rule to Daniel by certified mail which he refused to accept.

On December 13, 1990, Carolyn's attorney filed an Affidavit of Service of Process in the Louisiana court. On January 15, 1991, the Louisiana court entered judgment modifying the Decree of Dissolution to provide an increase in Daniel's child support payments from $125 per child per month to $1,050 per month for both children, to require Daniel to pay sixty percent of the children's health and dental expenses and to award Carolyn tax deductions for the children. Carolyn's attorney mailed Daniel a notice of this judgment on January 31, 1991.

Carolyn filed the Louisiana judgment with the Clayton County district court on July 15, 1991. Daniel petitioned the Delaware County district court to vacate the Louisiana judgment and now appeals from that court's ruling dismissing his petition.[1]

Daniel argues that the Louisiana judgment should be vacated because the Louisiana court did not have personal jurisdiction over him. Carolyn argues that L.S.A.–R.S. 13.3201, the Louisiana Long Arm statute, confers jurisdiction either under section 13.3201(A)(6) or 13.3201(B).[2]

While the parties have raised other issues concerning the validity of the Louisiana judgment, we need only address the issue of personal jurisdiction. We are aware of the principle that full faith and credit must be accorded a valid judgment entered by any sister state. *Morris v. Morris*, 197 N.W.2d 357, 359 (Iowa 1972); U.S. Const. art. IV, § 1. The issue is whether the Louisiana court had personal jurisdiction over Daniel in order to enter a valid judgment.

The United States Supreme Court spoke to this issue in *Kulko v. California Superior Court*, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978). The Court stated:

> The Due Process Clause of the Fourteenth Amendment operates as a limitation on the jurisdiction of state courts to enter judgments affecting rights or interests of nonresident defendants. It has long been the rule that a valid judgment imposing a personal obligation or duty in favor of the plaintiff may be entered only by a court having jurisdiction over the person of the defendant. The existence of personal jurisdiction, in turn, depends upon the presence of reasonable notice to the defendant that an action has been brought and a sufficient connection between the defendant and the forum State to make it fair to require defense of the action in the forum.

*Id.* at 91, 98 S.Ct. at 1696, 56 L.Ed.2d at 140–41 (citations omitted). In *Kulko*, a wife moved to California following her divorce, leaving her husband and two children in New York. The two children later joined her. The mother commenced an action in California against the father, seeking to modify the divorce judgment to increase the father's child support obligations. The Supreme Court held that the California court did not have personal jurisdiction over the father because there was a lack of sufficient connection between the father and the State of California. 436 U.S. at 91, 98 S.Ct. at 1396, 56 L.Ed.2d at 141. The Court noted that basic considerations of fairness point in favor of the father's state of domicile as the proper forum for adjudication. *Id.* at 97, 98 S.Ct. at 1699, 56 L.Ed.2d at 144. The Court also noted that California had not availed itself of the Uniform Reciprocal Enforcement of

1. We need not address the issue of venue because it was not raised on appeal.

2. L.S.A.–R.S. 13.3201(A)(6) and 13.3201(B) provide:

A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:

(6) Non-support of a child, parent, or spouse or a former spouse domiciled in this state to

whom an obligation of support is owed and with whom the nonresident formerly resided in this state.

B. This state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and the Constitution of the United States.

Support Act. *Id.* at 98, 98 S.Ct. at 1700, 56 L.Ed.2d at 145.

In *Elgi v. Elgi,* 447 N.W.2d 409 (Iowa App.1989), the Iowa court of appeals examined whether Iowa had personal jurisdiction over a nonresident in an action to modify a child support and custody agreement. The husband brought the action in Iowa where he resided with the child. The couple lived in Iowa at one point in their marriage; however, the wife had been living in Rhode Island for several years. The court of appeals held that Iowa did not have personal jurisdiction over the nonresident wife because she did not have sufficient minimum contacts with the state. *Id.* at 412.

In *Atkins v. Atkins,* 588 So.2d 407 (La. App.1991), the Louisiana court of appeals examined whether Louisiana had personal jurisdiction over a nonresident defendant. In *Atkins,* defendant and petitioner were married in Louisiana and their child was born there. The court held that these contacts were not "sufficient to satisfy the state and federal constitutional guidelines for the exercise of personal jurisdiction through the Long Arm statute." *Id.* at 410.

Other jurisdictions have arrived at the same conclusions regarding minimum contacts. *Moore v. McFarland,* 187 Mich.App. 214, 466 N.W.2d 309, 311 (1990) (insufficient minimum contacts where father only engaged in phone calls to mother, mailed periodic support payments and visited her once to discuss child); *People v. Flieger,* 125 Ill.App.3d 604, 80 Ill.Dec. 739, 741, 465 N.E.2d 1376, 1378 (Ill.App.1984) (insufficient minimum contacts to allow state court jurisdiction where only connection between defendant and state was present residence of his alleged child).

In examining whether minimum contacts between the nonresident and the state asserting jurisdiction satisfy due process, we consider five factors: (1) the quantity of contacts; (2) the nature and quality of contacts; (3) the source and connection of the cause of action with those contacts; (4) the interest of the forum state; and (5) the convenience of the parties. *Larson v.*

*Scholl,* 296 N.W.2d 785, 788 (Iowa 1980). In the present case, the parties were married and divorced, and the children were conceived and born in Iowa. Daniel has never been to the state of Louisiana nor has he had any contact with that state other than a few letters sent to his former wife and one child. We conclude that the Louisiana court did not have personal jurisdiction over Daniel.

The district court erred when it did not vacate the judgment filed in the clerk of court's office. We reverse and remand for an order vacating the judgment.

**REVERSED AND REMANDED.**