In re the **MARRIAGE OF Kathryn Ann CREW and William Allen Crew.**

Upon the Petition of **Kathryn Ann Crew n/k/a Kathryn Ann Lowe, Appellant,**

And Concerning **William Allen Crew, Appellee.**

No. 95–781.

Supreme Court of Iowa.

June 19, 1996.

Christopher A. Clausen and Jennifer A. Bicknese of the Boliver Law Firm, Marshalltown, for appellant.

James C. Ellefson of Welp, Harrison, Brennecke & Moore, Marshalltown, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, NEUMAN, and ANDREASEN, JJ.

NEUMAN, Justice.

This appeal by petitioner Kathryn Ann Lowe challenges the district court's ruling that her former husband's contacts with Iowa are insufficient to confer personal jurisdiction over him in this action to modify their dissolution of marriage decree. We affirm.

The facts are not disputed. Petitioner and respondent, William Allen Crew ("Bill"), were both California residents when they married in Las Vegas, Nevada, in 1974. They continued to reside in California where their two children were born. The parties' marriage was dissolved in 1986. The California decree awarded custody of the children to Kathryn and directed Bill to pay child support in the sum of $250 per month, per child, until each reached majority. Bill has made all payments required under the decree.

Shortly after the divorce, Kathryn and the children moved to Marshalltown, Iowa. Bill, meanwhile, took a job with Boeing Aircraft in Seattle, Washington. Bill has never been to Iowa. He has nevertheless remained in contact with the children through regular correspondence and phone calls. He has also cooperated with Kathryn in arranging (and occasionally paying for) the children's visits to Washington. When the children needed orthodontic care, Bill contracted for it and paid the bill. His insurance carrier also furnished supplemental health care benefits when necessary.

In January 1995, Kathryn applied for modification of the parties' decree of dissolution of marriage. She sought to increase Bill's child support obligation, extend the payment period past each child's age of majority, and require Bill to contribute to their college expenses. She filed her application in the Iowa district court for Marshall County. Bill was personally served with original notice in King County, Washington.

Bill moved to dismiss, claiming assertion of personal jurisdiction over him would violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution. He supported his claim by affidavit. The district court ruled in his favor and dismissed the action. This appeal by Kathryn followed.

I. *Scope of Review.*

In reviewing a ruling on a motion to dismiss for lack of personal jurisdiction, this court

> accept[s] as true the allegations of the petition and the contents of uncontroverted affidavits. The plaintiff has the burden to sustain the requisite jurisdiction, but when he [or she] establishes a prima facie case the defendant has the burden of producing evidence to rebut that showing. The trial court's findings of fact have the effect of a jury verdict and are subject to challenge only if not supported by substantial evidence in the record; we are not bound, however, by the trial court's application of legal principles or its conclusions of law.

*Percival v. Bankers Trust Co.*, 450 N.W.2d 860, 861 (Iowa 1990) (quoting *State ex rel. Miller v. Internal Energy Management Corp.*, 324 N.W.2d 707, 709–10 (Iowa 1982)).

II. *Minimum Contacts Test.*

It is well settled that a state's exercise of personal jurisdiction over a nonresident defendant satisfies due process only if the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional 'notions of fair play' and substantial justice." *Inter-*

national Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278, 283 (1940)). "The 'minimum contacts' test ... is not susceptible of mechanical application; rather, the facts of each case must be weighed to determine whether the requisite 'affiliating circumstances' are present." Kulko v. California Super. Ct., 436 U.S. 84, 92, 98 S.Ct. 1690, 1697, 56 L.Ed.2d 132, 141 (1978) (quoting Hanson v. Denckla, 357 U.S. 235, 246, 78 S.Ct. 1228, 1235, 2 L.Ed.2d 1283, 1293 (1958)).

■ In determining whether sufficient contacts exist, this court has traditionally applied the following five-factor test, placing greatest importance on the first three factors:

(1) the quantity of the contacts;

(2) the nature and quality of the contacts;

(3) the source and connection of the cause of action with those contacts;

(4) the interest of the forum state; and

(5) the convenience of the parties.

Larsen v. Scholl, 296 N.W.2d 785, 788 (Iowa 1980).

[T]he critical focus in any jurisdictional analysis must be on "the relationship among the defendant, the forum and the litigation." ... This tripartite relationship is defined by the defendant's contacts with the forum state, not by defendant's contacts with residents of the forum.

Meyers v. Kallestead, 476 N.W.2d 65, 68 (Iowa 1991) (quoting West Am. Ins. Co. v. Westin, Inc., 337 N.W.2d 676, 678–79 (Minn. 1983)).

III. Argument on Appeal.

■ Kathryn claims that Bill's contacts with Iowa—corresponding with the children, calling them, providing health insurance, paying for orthodontics, and furnishing airline tickets—are sufficient to confer the jurisdiction of an Iowa court over him. She argues, in essence, that no clearer connection could be made between Bill and this state than with respect to his ongoing close relationship with children who live here. Like the dis-

trict court, however, we believe Bill's contacts with his children—though undeniably important—are constitutionally insufficient to justify hauling him into court here on the question of child support.

A long line of cases supports our conclusion. In Kulko v. California Superior Court—the seminal case addressing personal jurisdiction in a modification context—the United States Supreme Court held that a California court's attempt to exercise in personam jurisdiction over a "nonresident, nondomiciliary parent of minor children domiciled within the State" violated the Due Process Clause. 436 U.S. at 86, 98 S.Ct. at 1694, 56 L.Ed.2d at 137–38. The Supreme Court recognized California's indisputable interest in protecting resident children and facilitating child support actions on their behalf through the Uniform Reciprocal Enforcement of Support Act. Id. at 100, 98 S.Ct. at 1701, 56 L.Ed.2d at 146. The Court nevertheless reasoned that those important interests did not establish a "fair forum" for the modification of child support awards where the appellant otherwise "derives no personal or commercial benefit from his child's presence" in the state and lacks any other contacts upon which to rest jurisdiction. Id. at 100–01, 98 S.Ct. at 1701, 56 L.Ed.2d at 146–47.

Our own courts have declined to exercise personal jurisdiction in similar cases. Egli v. Egli, 447 N.W.2d 409 (Iowa App.1989), involved parties who were married in Iowa, lived here six years, and had a child here. Id. at 410. Following a move to New York and a divorce some years later, the wife moved to Rhode Island with the parties' son; the father returned to Iowa. Id. When the son eventually joined his father in Iowa, the father sought to terminate his support obligation under the New York decree and secure an award of support from the mother. Id. Our court of appeals summarily affirmed the trial court's refusal to exercise personal jurisdiction over the nonresident mother where the record revealed no contact by her with Iowa in over fifteen years. Id. at 412.

This court ruled similarly in a recent case, In re Marriage of Bushaw, 501 N.W.2d 518 (Iowa 1993). The parties were married, con-

ceived children, and divorced in Iowa. *Id.* at 521. Following the divorce, the mother and children moved to Louisiana. *Id.* at 519. The father remained in Iowa, communicating with the children and forwarding child support payments by mail. *Id.* Although he had no contact with Louisiana, the mother secured a Louisiana judgment against him for additional support. *Id.* at 519–20. This court refused to recognize the judgment when she attempted to register it here, ruling the Louisiana court's lack of personal jurisdiction over the father rendered the judgment invalid and not entitled to full faith and credit. *Id.* at 521.

Finally, in *In re Marriage of Wallick,* 524 N.W.2d 153, 158 (Iowa 1994), this court declined to exercise personal jurisdiction over a custodial parent residing in Vermont in connection with a modification action brought by her former husband then residing in Iowa. The record revealed that the former wife had availed herself of Iowa's uniform support of dependents law, *see* Iowa Code chapter 252A (1993), to collect delinquent child support secured under a Connecticut dissolution decree. *Wallick,* 524 N.W.2d at 155–56. Finding the enforcement action was prompted by the husband's unilateral move to Iowa rather than any voluntary act on the part of the wife, we rejected the contention that invoking such administrative wage withholding procedure satisfied the minimum contacts standard required for the exercise of personal jurisdiction. *See id.* at 157–58.

In none of the foregoing cases did the court deem payment (or enforcement) of a child support obligation sufficient to establish minimum contact with the forum state. Impliedly rejected—or not even meriting consideration—was the notion that personal correspondence between the parent and child satisfies the minimum contacts test. *See Bushaw,* 501 N.W.2d at 521 (favorably citing rejection of such contention in other jurisdictions). The public policy supporting such decisions is sound: a noncustodial parent's relationship with a child should not be hindered by fear that a birthday wish or weekly phone call would subject the parent to the potential cost and inconvenience of defending an action in a foreign jurisdiction.

Nor are we aware of any authority that would subject Bill to the jurisdiction of this state for purposes of a divorce modification because he contracted for orthodontic and other health care services here. Kathryn is correct when she asserts that, in a commercial context, personal jurisdiction has been upheld based on a single phone call. *Norton v. Local Loan,* 251 N.W.2d 520, 522 (Iowa 1977). In *Norton,* however, the telephone contact related directly to the cause of action—alleged infliction of emotional distress stemming from a long distance phone call from the creditor's agent. *Id.* at 520. Where, as here, the cause of action does not arise from the telephone or mail contact, mere use of those means of communication will not suffice to confer the personal jurisdiction of the forum state. *Taylor v. Trans-Action Assoc., Inc.,* 509 N.W.2d 501, 505 (Iowa App.1993). The focus, for jurisdictional purposes, rests on the defendant's connection with the *litigation* in the forum state, not the defendant's connection with *residents* in that state. *Mountaire Feeds, Inc. v. Agro Impex,* 677 F.2d 651, 654–55 (8th Cir.1982); *Meyers,* 476 N.W.2d at 68.

The district court wisely noted that it would unduly burden the parent-child relationship and distort the quality and nature of Bill's contact with Iowa to premise personal jurisdiction on personal correspondence and payment of orthodontic bills. We agree. Bill's contacts with residents of this state may be abundant, as Kathryn claims, but those contacts are unrelated to her cause of action for modification. The petition was properly dismissed for lack of personal jurisdiction over the respondent.

**AFFIRMED.**