SCHIAVO, Appellant, v. SCHIAVO, Respondent.

*No. 617 (1974). Argued January 7, 1976.—*
*Decided February 3, 1976.*
(Also reported in 237 N. W. 2d 702.)

For the appellant there was a brief by *Arthur B. Nathan*, attorney, of Racine, and *Francis J. Skiba* of counsel, and oral argument by *Arthur B. Nathan*.

For the respondent there was a brief and oral argument by *Frank Volpintesta*, assistant corporation counsel for Kenosha County and attorney for the Kenosha County Department of Social Services.

BEILFUSS, J. The issue before us is whether, by virtue of the assignment and the order pursuant thereto, the Kenosha County Department of Social Services was entitled to collect unpaid alimony and support money which had accumulated prior to the effective date of the assignment.

The assignment by Karen Schiavo was made pursuant to sec. 247.29 (2), Stats.[1] This section provides in sub-

---

[1] "(2) If any party entitled to alimony or support money, or both, is receiving public assistance under ch. 49, such party may assign his right thereto to the county department of public welfare or municipal relief agency granting such assistance. Such assignment shall be approved by order of the court granting such alimony or support money, and may be terminated in like manner; except that it shall not be terminated in cases where there is any delinquency in the amount of alimony and support money previously ordered or adjudged to be paid to such assignee without the written consent of the assignee or upon notice to the assignee and hearing. When an assignment of alimony or support money, or both, has been approved by such order, the assignee shall be deemed a real party in interest within s. 260.13 but solely for the purpose of securing payment of unpaid alimony or support money adjudged or ordered to be paid, by participating in proceedings to secure the payment thereof."

stance that any person receiving public assistance may assign support money and alimony to which he or she is entitled to the county department of public welfare subject to the approval of the court which granted such support money and alimony. The statute further provides the welfare agency to whom the assignment was made may collect unpaid support or alimony upon its own motion or other proceedings.

The appellant Karen Schiavo concedes that the assignment was effective to transfer to the Kenosha County Department of Social Services the right to receive alimony and support payments due prospectively from the date of the assignment. Accordingly, the department's right to recover arrearages in alimony and support payments which accrued subsequent to the effective date of the assignment is unquestioned on this appeal. The dispute here is whether the department may recover amounts which had accrued prior to the date of the assignment and prior to the receipt by Karen Schiavo of welfare assistance.

Initially, the appellant contends that the order approving the assignment is ambiguous. By the order, the clerk of county court was required to pay to the department "all alimony or support money after August 7, 1969, due Karen Schiavo." The appellant argues that this language supports the interpretation that the assignment affected only payments of alimony and support due to Karen Schiavo after August 7, 1969, and it did not include any delinquent amounts which accumulated prior to that date.

The department argues that the order approving the assignment must be read in conjunction with the terms of the assignment itself. By that instrument, Karen Schiavo assigned "all alimony or support payments . . . to which I am entitled by reason of an order in the case of Karen Schiavo vs. Donald Schiavo." On the date

of the assignment, the department argues, Karen Schiavo was "entitled" to that amount which had accrued as delinquent alimony and support. The respondent department further reasons that the delinquent alimony and support was "due" the appellant on August 7, 1969, and was therefore included in the court's order directing the clerk to pay "all alimony . . . due Karen Schiavo."

The county court noted that the language of the order "after August 7, 1969" might be ambiguous, but held that it simply meant "that the Welfare Department has no claim on any payments which were made to her prior to that date." We conclude the terms of the assignment are not ambiguous. By that instrument Karen Schiavo assigned to the department whatever right to alimony and support she then possessed. This necessarily included the right to receive delinquent payments which had accrued prior to the assignment.

Prior to the enactment of sec. 247.29 (2), Stats., there may have been some doubt as to the legality of an assignment of support or alimony, particularly future support or alimony, primarily upon the rationale that these awards are subject to modification, elimination, and forgiveness in whole or in part.[2] Because sec. 247.29 (2) makes the assignment subject to the approval of the court which ordered the payments, discretionary control still rests with the court as to modification, elimination or forgiveness, subject only to the provisions of the statute for notice to the welfare agency.

The legislature clearly had the right to provide for assignment of support and alimony subject to the approval of the court. Under the terms of sec. 247.29 (2), Stats., it did provide that assignment could be made to

[2] *See: Kempster v. Evans* (1892), 81 Wis. 247, 51 N. W. 327; *Lally v. Lally* (1913), 152 Wis. 56, 60, 138 N W. 651; *Miner v. Miner* (1960), 10 Wis. 2d 438, 443, 103 N. W. 2d 4; *Bliwas v. Bliwas* (1970), 47 Wis. 2d 635, 639, 178 N. W. 2d 35; *Rust v. Rust* (1970), 47 Wis. 2d 565, 177 N. W. 2d 888.

"the county department of public welfare or municipal relief agency" with court approval. We therefore conclude there is no legal impediment to the assignment to the designated agencies of support or alimony payments, both as to those payments that are delinquent at the time of the assignment and those that are prospectively due.

The trial court's construction of the assignment and order approving it is not unreasonable nor violative of sec. 247.29 (2), Stats., and is approved by this court.[3]

Mrs. Schiavo also argues that if the assignment is held to include the delinquent payments which occurred prior to the effective date—August 7, 1969—by the terms of the approving order it cannot go back beyond May 6, 1968. The language of the approving order provides "all alimony or support money after August 7, 1969 due Karen Schiavo by reason of an order entered by the court on 5/6/68 granting such alimony or support money."

A supplement to the record includes the findings and the May 6, 1968 order. The trial court did reduce the alimony payments from $15 to $10 per week. It also found the delinquencies as of that date and ordered that they be paid, partially by lump-sum payment and the balance at the rate of $2 per week. Thus the court by its order of May 6, 1968, did find the amount of the delinquencies prior to that date and did order payment. Delinquencies occurring prior to May 6, 1968, were therefore within the terms of the assignment and the order approving it.

*By the Court.*—Order affirmed.

---

[3] The appellant contends that sec. 49.195, Stats., did not intend to include support and alimony within windfall payments. We conclude sec. 49.195 is not applicable to the facts and issues of this case.