MONSON, Plaintiff-Respondent, v. MONSON, Defendant-Appellant.

Court of Appeals, District IV

*No. 77–529. Argued August 30, 1978.—Decided September 21, 1978.*
(Also reported in 271 N.W.2d 137.)

For the appellant there was a brief by *George E. Aumock* and *Lawton & Cates,* and oral argument by *George E. Aumock,* of Madison.

For the respondent there was a brief by *John C. Mitby,* and *Axley, Brynelson, Herrick & Gehl,* and oral argument by *Peter Weisenberger,* of Madison.

Before Gartzke, P.J., Bablitch and Dykman, JJ.

GARTZKE, J. This is an appeal from the order of the County Court of Dane County granting plaintiff's motion to dismiss proceedings brought by her to enforce a Minnesota support order in Wisconsin and from the court's order denying defendant's motion to modify the support order.

The parties were divorced by a 1967 judgment of the District Court for Hennepin County, Minnesota. The judgment requires defendant husband to pay support for the minor children of the parties. Defendant subsequently became a Wisconsin resident. Plaintiff continues to reside in Minnesota. August 29, 1975, plaintiff registered the Minnesota judgment in Dane County, Wisconsin, as authorized by sec. 52.10(39), Stats. Sec. 52.10 is the Revised Uniform Reciprocal Enforcement of Support Act (1968) which we will refer to as RURESA. The clerk mailed defendant notice of the registration as required by sec. 52.10(39). Defendant made no response to the notice within the twenty days provided in sec. 52.10(40)(b).

November 19, 1975, plaintiff obtained an order requiring defendant to show cause why he should not be found in contempt for failure to pay arrearages in support required by the Minnesota judgment. The matter was returnable February 12, 1976 and that day the court held a conference regarding the matter but did not try the merits. Plaintiff initiated separate proceedings in the spring of 1977 in Minnesota to collect the arrearages. The Minnesota court dismissed those proceedings because the matter was pending in Wisconsin.

Plaintiff subsequently moved to dismiss the November, 1975 order to show cause and defendant obtained an order directing the plaintiff to show cause why the registered Minnesota support order should not be modified and arrearages expunged on the grounds of changed circumstances.

The county court held the relief requested by defendant was unavailable because not sought within the twenty day time limit established by sec. 52.10(40)(b) and held that Minnesota was the more appropriate forum to adjudicate the controversy between the parties. Accordingly, the court granted plaintiff's motion to dismiss and denied defendant's order to show cause.

We were advised at oral argument that after the county court's order was entered, plaintiff commenced further proceedings in Minnesota to collect arrearages and that the Minnesota court has stayed those proceedings pending this appeal.

The issues are:

1. May the obligor under a foreign support order registered in Wisconsin under RURESA seek retroactive and prospective modification of the order if the obligor failed to request modification within twenty days after notice of the registration is mailed pursuant to sec. 52.10(40)(b)?

2. Did the county court abuse its discretion in granting a motion for voluntary non-suit of contempt proceedings brought for failure to pay arrearages due on a registered foreign support order?

We hold that a foreign support order registered in Wisconsin under RURESA may be retroactively and prospectively modified by a Wisconsin court at any time after the order is registered, and that it is immaterial that the request for modification is not made within the twenty day limitation in sec. 52.10(40)(b).

A "support order" for purposes of RURESA, means "any judgment, decree, or order of support in favor of an obligee whether temporary or final, or subject to modification. . ." Sec. 52.10(2)(n). The "obligee" is the person to whom a duty of support is owed and the "obligor" is the person owing the duty. Sec. 52.10(2) (f) and (g).

The obligee may register a foreign support order in a court of this state by transmitting to the clerk of the

court certified copies of the order, a copy of the reciprocal enforcement of support act of the state in which the order was made and a statement showing the address of the obligor and other details. The clerk files the documents. Filing constitutes registration. The clerk mails notice of the registration with a copy of the registered support order to the obligor.

Resolution of the issue before us requires construction of Sec. 52.10 (40) [1] which describes the effect of registration. The county court concluded that modification of the support order is not available after the registered support order is confirmed because sec. 52.10 (40) (b) provides that the obligor has twenty days after notice of registration in which to petition the court to "vacate the registration or for other relief." The county court further concluded that after expiration of the twenty day period, the obligor may only assert defenses "that

_____

[1] Sec. 52.10 (40) provides, "(a) Upon registration the registered foreign support order shall be treated in the same manner as a support order issued by a court of this state. It has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating or staying as a support order of this state and may be enforced and satisfied in like manner.

"(b) The obligor has 20 days after the mailing of notice of the registration in which to petition the court to vacate the registration or for other relief. If he does not so petition the registered support order is confirmed.

"(c) At the hearing to enforce the registered support order the obligor may present only matters that would be available to him as defenses in an action to enforce a foreign money judgment. If he shows to the court that an appeal from the order is pending or will be taken or that a stay of execution has been granted the court shall stay enforcement of the order until the appeal is concluded, the time for appeal has expired or the order is vacated, upon satisfactory proof that the obligor has furnished security for payment of the support ordered as required by the rendering state. If he shows to the court any ground upon which enforcement of a support order of this state may be stayed the court shall stay enforcement of the order for an appropriate period if the obligor furnishes the same security for payment of the support ordered that is required for a support order of this state."

would be available to him as defenses in an action to enforce a foreign money judgment."

RURESA being a uniform law, we must construe it to effectuate its general purpose to make uniform the laws of those states which enact it. Sec. 52.10 (42). No reported decision dealing with the issue before us has been brought to our attention.

A support order is commonly "enforced" in Wisconsin against an obligor in default by an order requiring the obligor to show cause why he or she should not be found in contempt for failure to comply with the order, the ultimate method of enforcement being commitment to the county jail or house of correction until compliance. Sec. 247.37 (1) (a).

A defaulting obligor frequently brings on a motion to modify the support order or an order requiring the obligee to show cause why the support order should not be modified, on grounds that circumstances have substantially changed since the issuance of the support order. The contempt and modification proceedings are often heard in a single hearing. Modification proceedings are looked upon as being in the nature of a defense to, or at least a method of obtaining relief from, the support order.

Sec. 52.10 (40) is ambiguous in the context of Wisconsin divorce practice. Subsection (a) provides that upon registration the foreign support order shall be treated in the same manner as a support order issued by a court of this state and "may be enforced and satisfied in like manner." Subsection (a) therefore refers to proceedings brought by the obligee in Wisconsin such as brought by plaintiff in this proceeding. Subsection (b) gives the obligor twenty days after the mailing of the notice of registration "in which to petition the court to vacate the registration or for other relief." Modification is a means of obtaining relief under our practice. Subsection (c) provides that "at the hearing to enforce the registered

support order" the obligor may present only such defenses as are available in an action to enforce a foreign money judgment.

Sec. 52.10(40)(b) can be read to mean that the obligor has twenty days after the mailing of the notice of registration in which to petition the court to vacate the registration or to modify the support order. As the last sentence in subsection (b) provides that "if he does not so petition, the registered support order is confirmed," the statute can be read to mean that the obligor may seek modification only within the twenty days and cannot seek modification at a later date. We reject that construction.

The primary source used to construe a statute is the language of the statute itself. *Nekoosa-Edwards Paper Co. v. Public Service Commission*, 8 Wis.2d 582, 591, 99 N.W.2d 821 (1959). If a statute is ambiguous, we may look to the legislative intent found in the language of the statute in relation to its scope, history, context, subject matter and object intended to be accomplished. *State ex rel. Arnold v. County Court*, 51 Wis.2d 434, 439–440, 187 N.W.2d 354 (1972).

We are guided in our construction by the purposes of RURESA "to improve and extend by reciprocal legislation the enforcement of support." Sec. 52.10(1).

The improvement of enforcement of duties of support means, in our view, expediting the legal process so as to make available to the obligee the benefits of a support order with minimum expense and delay.

Support orders differ substantially from most other orders and judgments. The typical obligee of a support order of the type before us is an ex-spouse who has custody of minor children wholly or partially dependent upon the obligor for support. The obligee relies upon prompt and regular payments of support as ordered.

The domiciliary state of the obligee and of the children has a financial as well as an humanitarian interest in the enforcement of support orders.

Support orders must therefore be immediately enforceable, unless valid objections to enforceability are presented. The validity of objections must be promptly raised and determined in order to avoid future delays in providing those dependent upon the order with the support to which they may be legally entitled.[2]

In determining whether valid objections exist to the enforceability of a support order, we construe subsections (b) and (c) of sec. 52.10(40) together. In arriving at the intention of the legislature, we must give all the words of the act their ordinary and accepted meaning and read the subsections together. *Nekoosa-Edwards, supra,* at 592.

Subsection (b) provides that if a petition to vacate or for other relief is not filed within twenty days after notice of registration is mailed, the registered support order is "confirmed." "Confirmed" refers to the provisions of subsection (a) giving the support order the same effect as a support order issued by this state and is a holdover from secs. 36, 37 and 38 of the Uniform Act as amended in 1958. Sec. 36 of the 1958 version of RURESA provided for registration "subject only to subsequent order of confirmation." Sec. 37 provided that if the obligor defaulted, "the court shall enter an order confirming the" registered order. Sec. 38 provided, "The support order as confirmed shall have the same effect and may be enforced as if originally entered in the

---

[2] Our reference to avoidance of delay is ironical because plaintiff's November, 1975 order to show cause was never heard on its merits and the hearing on her motion to dismiss was held July 25, 1977. Plaintiff attempted to obtain relief in Minnesota but the record does not show her efforts to expedite her hearing in Wisconsin. Defendant delayed the seeking to modify support order until April, 1977. If delay occurred through fault, each party and perhaps judicial administration share the blame.

court of this state." (See sec. 52.10(36), (37) and (38), Stats., 1959, reflecting Wisconsin adoption of the 1958 version of RURESA, Ch. 321, Laws of 1959.)

While subsection (c) would be clearer if it referred to the hearing on the obligor's petition to vacate rather than the hearing to enforce the registered support order, this subsection covers defenses which pertain primarily to enforceability arising out of reasons why the order should not be recognized or enforced by this state. Subsection (c) provides that at this hearing the obligor may present "matters that would be available to him as defenses in an action to enforce a foreign money judgment." Those defenses are stated at secs. 100 and 103–121, *Restatement (Second) of Conflict of Laws.* The fact that an appeal is pending in the rendering state can preclude the state in which the support order has been registered from immediately enforcing that order and is therefore in the nature of a "defense." See *Comment e* to sec. 107 of the *Restatement.*

Sec. 109 of the *Restatement* states that a judgment rendered in one state need not but may be recognized or enforced in a sister state insofar as the judgment remains subject to modification in the state of rendition either as to sums that have accrued and are unpaid or as to sums that will accrue. That defense should not be available to the obligor because it could deprive many foreign support orders of enforceability, contrary to the intent of RURESA.

Modification of the support order is "other relief" which may be requested in a petition allowed by subsection (b). It does not follow, however, that modification may not be sought at a later date even if not raised by that petition. Subsection (a) provides that a registered foreign support order "shall be treated in the

same manner as a support order issued by a court in this state." Sec. 247.25, Stats., provides that a court may "from time to time afterwards. . . revise and alter such (judgment of annulment, divorce or separation) concerning the care, custody, maintenance and education of any of the children. . ." The court has jurisdiction to modify support provisions at any time. *Krause v. Krause*, 58 Wis.2d 499, 508, 206 N.W.2d 589 (1972). Wisconsin permits modification, elimination or forgiveness of support awards. *Rust v. Rust*, 47 Wis.2d 565, 177 N.W.2d 888 (1970), *Schiavo v. Schiavo*, 71 Wis.2d 136, 141, 237 N.W.2d 702 (1975).

We therefore conclude that an obligor may request retroactive as well as prospective modification of a support order at any time after it has been registered in Wisconsin.

Plaintiff's motion for voluntary dismissal was based upon sec. 805.04(2), Stats., which provides for dismissal at the plaintiff's instance on order of the court and on such terms and conditions as the court deems proper. Sec. 805.04 applies to all actions pending on or after January 1, 1976. Sec. 801.01(3)(b). Such a motion involves the exercise of judicial discretion and power in weighing the merits for granting dismissal. Public as well as private interests are involved, *Burling v. Burling*, 275 Wis. 612, 614, 82 N.W.2d 807 (1957). The public interest includes efficient judicial administration.

If, as we hold, defendant has a right to a judicial determination in Wisconsin of the merits of his claim that changed circumstances justify retroactive modification of the registered Minnesota support order so as to expunge support arrearages, efficient judicial administration requires that plaintiff continue her action in Wisconsin to recover those same arrears. The alternative is

parallel actions, one in Minnesota to recover arrears and another in Wisconsin to eliminate arrears.

We are not blind to the possibility that the choice of forum may be important to the parties.[3] Although plaintiff did not choose Wisconsin as defendant's domicile, plaintiff did choose Wisconsin as an alternative to the forum of the rendering state in which to enforce her support order. This state was convenient to her attempt to enforce the order. The inconvenience of having to defend an attempt to modify her rights is insufficient to permit her to dismiss her action.

*By the Court.*—The order denying defendant's order to show cause, dated April 25, 1977, is reversed and the order granting plaintiff's motion of April 20, 1977, to voluntarily dismiss the November 19, 1975, order to show cause, is reversed. The actions brought on by both parties are remanded for further proceedings on their merits. No costs to either party.

---

[3] The age of majority in Wisconsin was changed to age 18, effective March 23, 1972, Ch. 213, Laws of 1971. The age of majority in Minnesota was changed to age 18, effective June 1, 1973, Ch. 725, Laws of Minnesota for 1973.