**In re the MARRIAGE OF Patricia RUSSELL and Alan R. Russell,**

**Upon the Petition of Patricia Russell n/k/a Patricia Wright, Appellant,**

**And Concerning Alan R. Russell, Appellee.**

**No. 91–1921.**

Supreme Court of Iowa.

Sept. 23, 1992.

John R. Hearn, Des Moines, for appellant.

James M. Gocke and Kenneth L. Butters, of Dreher, Simpson, Jensen, Sellers, Har-

---

vey, Butters, Adams & Kaiser, P.C., Des Moines, for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, NEUMAN and SNELL, JJ.

SNELL, Justice.

Appellant, Patricia Russell, now known as Patricia Wright, appeals the trial court's ruling that the court lacked subject matter jurisdiction to modify the child support order in Patricia's Pennsylvania dissolution of marriage decree. The trial court ruled that Patricia had failed to comply with the procedures in Iowa Code chapter 252A (1991), the Uniform Support of Dependents Law. The trial court determined that the procedures for enforcement and modification of foreign support orders outlined in Iowa Code section 252A.6 or 252A.18 were Patricia's exclusive remedies to receive increased support under the Pennsylvania decree. We reverse.

Patricia married Alan R. Russell, appellee, on March 31, 1974. Their only child, Pamela J. Russell, was born one year later. Patricia and Alan divorced in Pennsylvania on March 3, 1977. The decree of dissolution of marriage, entered in Butler County, Pennsylvania, awarded custody of Pamela to Patricia. The decree provided for Alan to pay Patricia $130 per month for child support for the care, support, and maintenance of Pamela. Following the dissolution, Patricia moved to North Carolina and Alan moved to Des Moines, Iowa.

Alan's income has increased in the fifteen years since the entry of the decree of dissolution. In 1977, Alan's gross income was approximately $30,000. When Patricia filed the application for modification of the support order in 1991, Alan's gross income was $56,499. Patricia was employed and earned the minimum wage of $2.60 per hour at the time of the dissolution. She currently has seven other children from her subsequent marriage and is not employed outside the home.

Patricia filed an application for modification of the Pennsylvania dissolution decree in Iowa on April 23, 1991. In the applica-

tion, Patricia alleged a material and substantial change in circumstances warranting increased child support. Alan was personally served with the application for modification and a certified copy of the Pennsylvania dissolution decree. At the hearing on the matter, the trial court questioned whether the procedures Patricia employed properly invoked the court's subject matter jurisdiction over the modification proceedings. The trial court allowed the hearing to proceed with presentation of the evidence, reserving the question of subject matter jurisdiction for eventual ruling.

Following a hearing on the merits of modification, the trial court issued its findings of fact and conclusions of law. The court found a substantial change in circumstances and modified child support accordingly. However, the trial court dismissed Patricia's application for modification for lack of subject matter jurisdiction. Patricia filed a motion to change the trial court's ruling, which was denied after a hearing.

The trial court dismissed Patricia's application for modification, ruling that subject matter jurisdiction over modification of a child support order in a foreign dissolution decree was conferred only by Iowa Code chapter 252A, the Uniform Support of Dependents Law. Our review of the proceedings concerning subject matter jurisdiction is at law, not de novo. *Tigges v. City of Ames*, 356 N.W.2d 503, 512 (Iowa 1984); *Jansen v. Harmon*, 164 N.W.2d 323, 326 (Iowa 1969).

Subject matter jurisdiction is the court's power to hear and determine cases of the general class to which the particular proceedings belong. *See In re Guardianship of Matejski*, 419 N.W.2d 576 (Iowa 1988). Subject matter jurisdiction is conferred upon our district courts by our constitution in article V, section 6:

> The district court shall be a court of law and equity, but shall be distinct in separate jurisdictions, and have jurisdiction in civil and criminal matters arising in their respective districts, in such matter as shall be prescribed by law.

Iowa Code section 602.6101 (1991) states the legislative directive regarding subject

matter jurisdiction in our district courts. The statute provides:

A unified trial court is established. This court is the "Iowa District Court." The district court has exclusive, general, and original jurisdiction of all actions, proceedings, and remedies, civil, criminal, probate, and juvenile, except in cases where exclusive or concurrent jurisdiction is conferred upon some other court, tribunal, or administrative body. The district court has all the power usually possessed and exercised by trial courts of general jurisdiction, and is a court of record.

When a court acts without legal authority to do so, it lacks jurisdiction of the subject matter. *Pierce v. Pierce*, 287 N.W.2d 879, 881 (Iowa 1980) (citing *In re Adoption of Gardiner*, 287 N.W.2d 555, 559 (Iowa 1980)).

Under the Uniform Support of Dependents Law, Iowa Code section 252A.4— Jurisdiction, the legislature conferred subject matter jurisdiction over proceedings to establish, enforce, or modify support orders, regardless of the state of last residence or domicile of the petitioner and the respondent. Subject matter jurisdiction over proceedings in dissolution of marriage, including support, is conferred by the legislature in Iowa Code section 598.2 (1991)—Jurisdiction and Venue, which states, "the district court has original jurisdiction of the subject matter of this chapter." The Iowa trial court has subject matter jurisdiction over modification of a child support order in a foreign dissolution decree. The question is whether Patricia properly invoked the trial court's jurisdiction when she filed the application for modification of the foreign support order in Iowa.

The trial court dismissed Patricia's application for modification because the trial court believed that Iowa Code chapter 252A provided Patricia with her exclusive remedy to modify a foreign support order. The purpose of this chapter is "to secure support in civil proceedings for dependent spouses, children and poor relatives from persons legally responsible for their sup-

port." Iowa Code § 252A.1. The statute was adopted in 1949 and substantially amended in 1955 to incorporate sections of the Uniform Reciprocal Enforcement of Support Act (URESA), 9B U.L.A. 393 (1987). URESA is a uniform reciprocal law for the enforcement of support on a parent who is beyond the process of the state of the parent and children who are seeking support. *See Beneventi v. Beneventi*, 185 N.W.2d 219, 222 (Iowa 1971); *Engelson v. Mallea*, 180 N.W.2d 127, 131 (Iowa 1970) ("Due to the mobility of people and the existence of fifty sovereign states, a simple, speedy, and inexpensive remedy is needed by a dependent in one state to secure support from a person in another state."). The Uniform Support of Dependents Law provides two procedures that a person seeking to enforce or modify a foreign support order may follow to obtain jurisdiction in an Iowa court over a responsible party who can be served in Iowa. Both of these procedures allow the person seeking support to initiate the proceedings from his or her resident state.

Under Iowa Code section 252A.6, the person seeking to enforce or modify a foreign support order files a petition in a court in his or her resident state. The "initiating court" where the petitioner resides transmits the petition with accompanying information to an Iowa court where personal jurisdiction can be asserted over the person responsible for support, the respondent. This first procedure, termed "standard URESA," saves the petitioner from the inconvenience of traveling to the jurisdiction of the respondent's residence to enforce or modify the respondent's obligation. The second procedure available to the petitioner is "registration URESA," found in Iowa Code sections 252A.17 through .19. In this procedure, the petitioner transmits to the clerk of court of Iowa the original decree awarding support, copies of any orders of modification, and other supporting information. Iowa Code § 252A.18. Upon filing, the order shall have the same effect and be subject to the same proceedings as a support order issued in Iowa. Iowa Code § 252A.19.

Patricia did not follow the procedures of standard URESA because she filed her application for modification in Iowa, rather than in her resident state, North Carolina. She also did not follow the procedures of registration URESA because she did not file all of the documents and information required in Iowa Code section 252A.18. The trial court believed the two procedures found in the Uniform Support of Dependents Law were the exclusive remedies available to Patricia to modify the Pennsylvania support order. Finding that Patricia had not met the requirements of either procedure, the trial court dismissed her application.

However, the Uniform Support of Dependents Law expressly provides that it is not an exclusive remedy for the enforcement, recovery, and modification of support. Iowa Code section 252A.8—Additional remedies states:

> This chapter shall be construed to furnish an additional or alternative civil remedy and shall in no way affect or impair any other remedy, civil or criminal, provided in any other statute and available to the petitioner in relation to the same subject matter.

We have previously examined this section of the Uniform Support of Dependents Law in *Larsen v. Scholl*, 296 N.W.2d 785 (Iowa 1980). In *Larsen*, an Iowa mother sought to adjudicate paternity and support for her illegitimate daughter against the alleged father, a nonresident. The mother brought her paternity action pursuant to Iowa Code sections 675.7 through .27 (1979), which provide a statutory procedure for determining paternity and compelling support of illegitimate children born in Iowa to an Iowa resident. The alleged father challenged the trial court's exercise of personal jurisdiction over him. He claimed that the mother should have brought her action under Iowa Code chapter 252A (1979) because the statute provided a procedure to determine these issues in which neither party was required to leave his or her resident state. *Id.* at 790. We declined to accept his argument, stating that the procedures of chapter 252A were not exclusive. The procedures to invoke jurisdiction under chapter 675 were also available to the mother. *Id.; accord Adams v. Braginton*, 159 N.W.2d 479, 483 (Iowa 1968) (trial court had jurisdiction to determine custody and support of minor children following foreign dissolution, stating "It seems this is the situation where an order for support and custody is entered under chapter 252A of the Code *or the inherent powers of a court of equity.*") (emphasis added) (dictum), *overruled on other grounds, Skinner v. Ruigh*, 351 N.W.2d 182, 184 (Iowa 1984).

Patricia contends that a nonresident petitioner may employ common-law procedures to invoke an Iowa trial court's jurisdiction to modify a foreign support order. We agree that Iowa Code chapter 252A (1991) is not Patricia's exclusive remedy to modify the order. The language of Iowa Code section 252A.8 is broad. It makes clear that the Uniform Support of Dependents Law is an additional civil remedy, not an exclusive remedy, and expressly states that it does not affect or impair any other statutory remedy available to one seeking support. Statutory provisions do not repeal the common law by implication unless the intention to do so is plain. *See Iowa Civil Liberties Union v. Critelli*, 244 N.W.2d 564, 568 (Iowa 1976); *Fabricius v. Montgomery Elevator Co.*, 254 Iowa 1319, 1327, 121 N.W.2d 361, 366 (1963) ("A statute will not be construed as taking away a common-law right existing at the time of its enactment unless that result is imperatively required."); 15A Am.Jur.2d *Common Law* § 18, 619–20 (1976). No such intention is expressed in Iowa Code chapter 252A. Common-law procedures are adequate to invoke to Iowa trial court's jurisdiction over the application for modification of the foreign support order.

Patricia chose to come to Iowa to file an application for modification and to personally serve this application on Alan in his resident jurisdiction. This procedure would be available to Patricia if she were a resident of Iowa. Although she could have availed herself of the Uniform Support of Dependents Law procedures, which allow a nonresident parent to seek support from

home, she instead came to Iowa to modify the support order. Patricia's application for modification should not have been dismissed merely because Patricia did not use the more convenient procedures available in Iowa Code chapter 252A.

We hold that an Iowa trial court has subject matter jurisdiction to hear such proceedings when a nonresident petitioner properly invokes the court's equity jurisdiction through common-law procedures for filing a petition and serving the parties over which the Iowa court has personal jurisdiction. Iowa Code chapter 252A does not provide an exclusive remedy to nonresident parents seeking enforcement or modification of a foreign dissolution decree or support order.

The availability of common-law procedures for modification of child support awarded in a foreign dissolution decree is confirmed in our dissolution of marriage statute, Iowa Code ch. 598 (1991). Section 598.25 provides that an Iowa trial court may modify child support granted in a foreign dissolution decree when the party initiating the proceedings presents the court with the names and addresses of the parties to the dissolution decree, the name and place of the court that granted the decree, and the date of the decree. This section was adopted in 1970 when the Uniform Support of Dependents Law was in effect. It contemplates an alternative procedure to Iowa Code chapter 252A for the modification of child support ordered in a foreign dissolution decree.

Additionally, we note that Alan was not prejudiced by the procedures Patricia employed to modify child support. Alan had adequate notice and opportunity to resist Patricia's application for modification. *See In re Marriage of Ivins*, 308 N.W.2d 75, 76 (Iowa 1981). In contrast to the procedures under the Uniform Support of Dependents Law, Iowa Code § 252A.6(5), Patricia was present and was cross-examined by counsel at the trial court's hearing to determine whether modification of child support would be warranted.

We reverse the trial court's ruling and find that subject matter jurisdiction to hear

and determine Patricia Wright's application for modification was properly invoked. We remand to the trial court to enter judgment in favor of Patricia Wright for increased child support pursuant to its findings of fact and conclusions of law previously found.

REVERSED AND REMANDED.