# IN THE COURT OF APPEALS OF IOWA

No. 14-0118
Filed May 29, 2014

**IN THE INTEREST OF A.J., E.J., and A.J.,**
**Minor Children**

**C.J., Father,**
        Appellant.

_____

Appeal from the Iowa District Court for Crawford County, Mary L. Timko, Associate Juvenile Judge.

A father appeals from a juvenile court order terminating his parental rights to three children. **AFFIRMED.**

Peter A. Goldsmith of Boerner & Goldsmith Law Firm, P.C., Ida Grove, for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Roger Sailer, County Attorney, and Todd J. Argotsinger, Special Prosecutor, for appellee.

Thomas Gustafson of Gustafson Law Firm, Denison, attorney and guardian ad litem for minor children.

Maura Sailer, Denison, for mother.

Considered by Danilson, C.J., and Potterfield, J., and Miller, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MILLER, S.J.**

Clint is the father of Al.J., E.J., and An.J. ("the children"), who were five, five, and four years of age respectively at the time of an October 24, 2013 termination of parental rights hearing. Clint appeals from a December 10, 2013 juvenile court order terminating his parental rights to the children. (The same order terminated the parental rights of the children's mother, by consent of the mother, and she has not appealed.) We affirm.

Our review of a termination of parental rights proceeding is de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). We are not bound by the juvenile court's findings of fact, but we give them weight, especially when considering credibility of witnesses. Iowa R. App. P. 6.904(3)(g); *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000).

The juvenile court terminated Clint's parental rights to the children pursuant to Iowa Code sections 232.116(1)(d), (e), (f), and (i) (2013). On appeal Clint does not contend that statutory grounds for termination do not exist, or that termination is not in the children's interest. His sole contention, as he urged in the juvenile court, is that the juvenile court did not have jurisdiction to terminate his parental rights.[1]

Clint argues that at the time the underlying Iowa child in need of assistance (CINA) proceedings began, and continuing through the CINA and termination proceedings and the termination of his parental rights, he and the

---

[1] Clint does not indicate whether his challenge is to the court's jurisdiction of the person of himself and the children, or is to subject matter jurisdiction. However, his argument that "[j]urisdiction can be raised at any time, or even sua sponte by the court," and the cases he cites in support thereof, relate to subject matter jurisdiction.

children were not residents of Iowa but were instead residents of New Mexico. He then asserts, without citation of any supporting authority, that "[a] juvenile court does not have jurisdiction to terminate the parent-child relationship of non-residents of the state."

From sometime in or before July 2011 through at least January 30, 2012, Clint, the children, and the children's mother lived in Iowa. The Iowa Department of Human Services (DHS) completed three child protective assessments concerning the children in the July 2011 through December 2011 period. The family received voluntary services from November 2011 through January 30, 2012.

On January 30, 2012, it was reported that the children's mother had attempted to kill herself in the children's presence. Clint spoke to a DHS staff member about sending the children to his mother's home in New Mexico. The paternal grandmother agreed she could take the children.

On or shortly after January 30, 2012, Clint and the children moved to his mother's home in New Mexico. The Iowa voluntary services case was closed, but with CINA cases for the children to be filed if the children moved back to Iowa.

In April 2012 a child protective services investigation was begun in New Mexico. In May 2012 the children's paternal grandmother reported concerns about Clint's lack of supervision of the children and possible sexual abuse of one of the children. The relationship between Clint and his mother deteriorated, and in very late June or very early July 2012 Clint and the children returned to Iowa,

to the home of the children's mother. They had at that time lived in New Mexico only about five months.

On July 13, 2012, an Iowa DHS child protective worker investigated allegations the family was living in deplorable, filthy conditions, and confirmed the allegations. Both Clint and the children's mother reported that Clint and the children had moved back into the mother's home and the family was still unpacking and storing things. The children were removed from the physical custody of their parents on July 13, 2012, and have thereafter remained removed and subject to juvenile court orders placing legal custody in others.

CINA petitions were filed July 23, 2012, the children were subsequently adjudicated CINA, and a dispositional hearing was held and orders entered.

In February 2013 Clint was charged with sexual abuse of the children. He entered pleas of guilty to three counts of lascivious acts with a child, pursuant to *North Carolina v. Alford*, 400 U.S. 25, 92 S. Ct. 160, 27 L. Ed. 2d 162 (1970), and was sentenced to three terms of no more than ten years imprisonment, with two of the three terms to be served consecutively.

Petitions for termination of parental rights were filed on October 1, 2013. Following a hearing the juvenile court terminated Clint's parental rights as noted above. The order, as had the orders in the CINA proceedings, placed custody of the children in the DHS.

Subject matter jurisdiction is conferred by the constitution or by statute. *Schaefer v. Putnam*, 841 N.W.2d 68, 80 n.13 (Iowa 2013). It is "the court's power to hear and determine cases of the general class to which the particular

proceedings belong." *In re Marriage of Russell*, 490 N.W.2d 810, 811 (Iowa 1992). The subject matter jurisdictional issue in this case is resolved by application of the provisions of Iowa's version of the Uniform Child-Custody Jurisdiction and Enforcement Act, Iowa Code chapter 598B, which both provide for and limit the exercise of jurisdiction in cases such as this.

Each of the children was a "child"[2] at the "commencement"[3] of both the CINA proceedings in July 2012 and the termination proceedings in October 2013. Each of those proceedings was a "child-custody proceeding"[4] and resulted in a "child-custody determination,"[5] which was an "initial determination."[6] No state was the "home state"[7] of the children at the commencement of either the CINA proceedings or the termination proceedings.

We conclude the juvenile court had subject matter jurisdiction of the CINA proceedings pursuant to both paragraphs "b" and "d" of section 598B.201(1).[8]

---

[2] "*Child*" means an individual who has not attained eighteen years of age. Iowa Code § 598B.102(2).

[3] "*Commencement*" means the filing of the first pleading in a proceeding. *Id.* § 598B.102(5).

[4] "*Child-custody proceeding*" means a proceeding in which legal custody, physical custody, or visitation with respect to a child is an issue. *Id.* § 598B.102(4). The term includes a proceeding for . . . neglect, abuse, dependency, guardianship, paternity, termination of parental rights . . . in which the issue may appear. *Id.*

[5] "*Child-custody determination*" means a judgment, decree, or other order of a court providing for the legal custody, physical custody, or visitation with respect to a child. *Id.* § 598B.102(3).

[6] "*Initial determination*" means the first child-custody determination concerning a particular child. *Id.* § 598B.102(8).

[7] "*Home state*" means the state in which a child *lived with a parent* . . . for at least six consecutive months immediately before the commencement of a child-custody proceeding. *Id.* § 598B.102(7) (second emphasis added).

[8] In relevant part, section 598B.201(1) provides as follows:
  **598B.201 Initial child-custody jurisdiction.**
  1.  Except as otherwise provided in section 598B.204 [providing for "temporary emergency jurisdiction"], a court of this state has jurisdiction to

We conclude the juvenile court had exclusive continuing subject matter jurisdiction, pursuant to Iowa Code section 598B.202,[9] to preside over and determine custody of the children in the termination proceedings, as none of the specified events that would end the court's exclusive, continuing jurisdiction had occurred.

We conclude the juvenile court had subject matter jurisdiction in both the CINA and termination proceedings, and affirm its termination of Clint's parental rights to the children.

**AFFIRMED.**

---

make an initial child-custody determination only if any of the following applies:

a. This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.

b. A court of another state does not have jurisdiction under paragraph "a" . . . :

c. All courts having jurisdiction under paragraph "a" or "b" have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under section 598B.207 or 598B.208.

d. No court of any other state would have jurisdiction under the criteria specified in paragraph "a", "b", or "c".

[9] In relevant part, section 598B.202 provides as follows:

**598B.202 Exclusive, continuing jurisdiction.**

1. Except as otherwise provided in section 598B.204, a court of this state which has made a child-custody determination consistent with section 598B.201 or 598B.203 has exclusive, continuing jurisdiction over the determination until any of the following occurs:

a. A court of this state determines that the child does not have, the child and one parent do not have, or the child and a person acting as a parent do not have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships.

b. A court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state.