Michael **PERCIVAL**, Patricia Shors, Mary Brennan, Jeani Prior and Peter Percival, Appellants,

v.

**BANKERS TRUST COMPANY** and Lydia Ann Percival, Appellees.

No. 89–94.

Supreme Court of Iowa.

Jan. 24, 1990.

Dennis D. Jerde and Stanley J. Thompson of Davis, Hockenberg, Wine, Brown, Koehn & Shors, Des Moines, for appellants.

Thomas L. Flynn and Thomas T. Tarbox of Wimer, Hudson, Flynn & Neugent, P.C., Des Moines, for appellee Bankers Trust Co.

Roger J. Kuhle and Steven C. Despotovich of Kuhle and Sanders, P.C., Des Moines, for appellee Lydia Ann Percival.

NEUMAN, Justice.

This is an appeal from a district court order that sustained a pre-answer motion to dismiss for lack of personal jurisdiction in an action to set aside a trust agreement because of alleged undue influence in its execution. We reverse and remand for further proceedings.

I. Iowa Rule of Civil Procedure 104(a) governs challenges to the personal jurisdiction of the court, formerly known as a "special appearance." *See* Iowa R.Civ.P. 66 (abolishing special appearance and providing for pre-answer motion to dismiss on same ground). Our standard of review from such rulings is well established:

> [W]e accept as true the allegations of the petition and the contents of uncontroverted affidavits. The plaintiff has the burden to sustain the requisite jurisdiction, but when he [or she] establishes a prima facie case the defendant has the burden of producing evidence to rebut that showing. The trial court's findings of fact have the effect of a jury verdict and are subject to challenge only if not supported by substantial evidence in the record; we are not bound, however, by the trial court's application of legal principles or its conclusions of law.

*State ex rel. Miller v. International Energy Mgm't Corp.*, 324 N.W.2d 707, 709–10 (Iowa 1982) (citations omitted).

A court's personal jurisdiction over a defendant is tested by both its statutory and constitutional sufficiency. *See Larsen v. Scholl*, 296 N.W.2d 785, 787 (Iowa 1980). No statutory impediment to jurisdiction is raised here; therefore, the only issue is whether the Iowa courts can exercise jurisdiction over defendant Lydia Percival "consonant with due process." *Svendsen v. Questor Corp.*, 304 N.W.2d 428, 429 (Iowa 1981).

II. Based on the allegations of the petition and the affidavits submitted in support of and in resistance to the motion to dismiss, the district court made the following findings. Plaintiffs Michael Percival, Patricia Shors, Mary Brennan, Jeani Prior, and Peter Percival are all children of Wright C. Percival, deceased. They are residents of the states of Massachusetts, Iowa, Nevada, North Carolina, and Iowa, respectively. Defendant Bankers Trust Company, an Iowa corporation, administers an insurance trust that is the subject of this lawsuit. Defendant Lydia Ann Perci-

val, a life-long resident of California, is the surviving spouse of Wright C. Percival and the sole beneficiary of the trust.

In 1972, Wright Percival established the insurance trust for the purpose of providing a monthly sum of alimony to his first wife, Mary Margaret Percival, until her death or remarriage. The trust provided that if Mary Margaret remarried or predeceased Wright, the corpus of the trust not used for expenses was to be distributed among Wright's five children, the plaintiffs. Shortly after executing this instrument, Wright Percival moved to California and lived there until his death.

In 1977, upon Mary Margaret's remarriage, Wright amended the trust to make the proceeds payable upon his death to his then current wife Alice Jeanette Percival, if she survived him, otherwise to his five children in equal parts. Alice subsequently died and in April 1984, Wright married defendant Lydia Percival. Two years later, Wright amended the insurance trust as before, substituting Lydia as sole beneficiary of the trust so long as she survived him or, in the event of her earlier death, to his children in equal shares.

Just prior to his marriage to Lydia, Wright executed another revocable trust in California, the corpus of which was to be distributed to his children upon his death. Over the course of his marriage to Lydia, Wright amended this revocable trust five times. The last amendment provided for payment of only $5000 to each child, with the balance distributable to Lydia. Wright died in November 1987 at the age of 74, leaving Lydia as his surviving spouse.

Upon Wright's death, the plaintiffs commenced this action in probate, alleging that their father suffered from strokes and near-blindness before his death and was subject to manipulation; that Lydia Percival was a "very strong-willed woman pursuing a Master's Degree in Psychology"; and that Lydia took unfair advantage of Wright's weakened condition, destroying his free will and substituting her own, thereby coercing Wright to amend the trust agreements and leave essentially all of his assets to her.

Plaintiffs' petition asserts that as a result of Lydia Percival's undue influence upon their father, they have been deprived of the trusts that were intended for them and to which they are entitled. In their prayer for relief, however, plaintiffs seek the court's intercession in regard to the Iowa insurance trust only. They request that the court set aside the second amendment to the insurance trust, enforce the original trust executed in 1972, and direct the trustee to distribute the trust equally among the Percival children.

In response to the petition, Lydia Percival filed a pre-answer motion to dismiss, claiming she had no contact with the state of Iowa that would support the exercise of personal jurisdiction over her. Her affidavit appended to her motion stated that she was a life-long resident of California, that she and Wright were married in Las Vegas and thereafter lived in California, and that she had been in Iowa on only one occasion to visit Wright's children who reside here. Defendant Bankers Trust, which had answered the petition with a general denial and prayer for dismissal, neither joined in nor defended Lydia Percival's motion.

The district court sustained Lydia's motion, finding that neither her one-week trip to Iowa in 1986 nor her alleged manipulation of Wright in California satisfied the "requisite minimum contacts with Iowa to allow this court to exercise personal jurisdiction over her." Moreover, the court held, Lydia's acts were not conduct for which Lydia could reasonably anticipate being "haled into court here." The court specifically found that the focus of Lydia's influence, if any, was not on the Iowa plaintiffs but on Wright Percival, a California resident. It is from this ruling that plaintiffs have appealed.

III. The trial court's ruling may well have stemmed from the plaintiffs' own characterization of this lawsuit as an in personam action seeking damages for the tortious conduct of Lydia Percival toward the plaintiffs. The suit, however, is clearly one for declaratory judgment with respect to distribution of the trust. Plaintiffs have not alleged the personal liability of Lydia

Percival nor have they requested relief beyond setting aside one amendment to the trust and enforcing another.' So stated, the action appears to us to be in rem, or perhaps quasi in rem, but not in personam. *See Hanson v. Denckla,* 357 U.S. 235, 246 n. 12, 78 S.Ct. 1228, 1235 n. 12, 2 L.Ed.2d 1283, 1293 n. 12 (1958) (defining jurisdiction in personam, in rem, and quasi in rem in context of suit challenging distribution of trust).

We recognize the United States Supreme Court's decision that, for all practical purposes, jurisdiction "over a thing" cannot be rationally distinguished from jurisdiction "over the interests of persons in a thing." *Shaffer v. Heitner,* 433 U.S. 186, 207, 97 S.Ct. 2569, 2581, 53 L.Ed.2d 683, 699 (1977). Thus a court's jurisdiction over nonresident defendants, whether the action sounds in rem or in personam, must be evaluated by the "minimum contacts" analysis of "International Shoe and its progeny." *Id.* at 212, 97 S.Ct. at 2584, 53 L.Ed.2d at 703.

That is not to say, however, that an in rem action for the distribution of a trust is not peculiarly within the realm of the court presiding over the situs of the trust. In a case like the present one, where claims to the property itself are the source of the underlying controversy among the litigants, the Supreme Court has observed that it would be "unusual for the State where the property is located not to have jurisdiction." *Shaffer,* 433 U.S. at 207, 97 S.Ct. at 2581, 53 L.Ed.2d at 700.

The reasons for this presumption of jurisdiction rest on the tripartite relationship between the defendant's interest in the property, the litigation, and the State. First, the cause of action arises solely out of the defendant's claim to ownership of the property or, in this case, the trust res. Second, the claimant may properly expect the forum state's protection of his or her recognized beneficial interest in property located within its borders. Finally, a state holds a strong interest in "assuring the marketability of property within its borders and in providing a procedure for peaceful resolution of disputes about the possession of that property." *Id.* at 208, 97 S.Ct. at 2581, 53 L.Ed.2d at 700.

We think the considerations articulated by the Court in *Shaffer* are dispositive of the controversy before us. Lydia Percival may rightfully claim that her contacts with Iowa have been few. But in *International Shoe Company v. Washington,* the Supreme Court rejected a quantitative evaluation of a defendant's activities in the forum state in favor of one that depends on the "quality and nature of the activity in relation to the fair and orderly administration of the laws." 326 U.S. 310, 319, 66 S.Ct. 154, 160, 90 L.Ed. 95, 103–04 (1945). In relation to this litigation, Lydia Percival's affiliation with this state is significant.

Lydia Percival is named as the *sole* beneficiary of a trust instrument which, by its terms, is governed by Iowa law. The trust assets are held in Iowa by an Iowa trustee. No other state could conceivably claim a greater interest in the integrity and enforceability of such a legal document. Moreover, the State's interest in the lawful and orderly administration of the trust in accordance with the settlor's wishes cannot be seriously disputed. Lydia Percival's presumptive entitlement to the trust res puts her peculiarly within that class of persons claiming the protection of Iowa's courts and, correspondingly, furnishes the basis for its jurisdiction over her. The district court's contrary ruling must be reversed.

IV. Plaintiffs also claim that it was plainly error for the district court to dismiss the suit against defendant Bankers Trust. We are not convinced, however, that the error claimed even occurred. It is unclear from the court's ruling whether it intended the case to be dismissed in its entirety or only with respect to Lydia Percival. In view of the fact that Bankers Trust neither sought dismissal nor participated in the controversy surrounding the court's jurisdiction over Lydia Percival, we infer that the court intended the narrower result. Because of our decision in division III of this opinion, however, the question is purely academic.

The ruling of the district court must be reversed. We hereby remand the case for further proceedings against both defendants.

REVERSED AND REMANDED.

All Justices concur except LAVORATO, J., who takes no part.