Michael PERCIVAL, Patricia Shors, Mary Brennan, Jeani Prior and Peter Percival, Appellants,

v.

BANKERS TRUST COMPANY and Lydia Ann Percival, Appellees.

No. 91–1770.

Supreme Court of Iowa.

Jan. 20, 1993.

Dennis D. Jerde and Stanley J. Thompson of Davis, Hockenberg, Wine, Brown, Koehn & Shors, P.C., Des Moines, for appellants.

Thomas L. Flynn of Belin Harris Lamson McCormick, A P.C., Des Moines, for appellee Bankers Trust Co.

Roger J. Kuhle of Law Office of Roger J. Kuhle, P.C., Des Moines, for appellee Lydia Ann Percival.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, NEUMAN, and SNELL, JJ.

HARRIS, Justice.

On finding it lacked personal jurisdiction over a California resident, the district court dismissed a tort claim against her. We affirm.

This bitter family dispute was the subject of a prior appeal. In *Percival v. Bankers Trust Co.*, 450 N.W.2d 860 (Iowa 1990), rejecting the claim of Lydia Percival, a California widow, we recognized jurisdiction over Iowa trust property but not over Lydia herself. *Id.* at 862–63.

The facts were outlined in the prior appeal and will not be repeated in detail. It is sufficient here to point out that two trusts were involved, one in Iowa and one in California. The trustor, Wright Percival, died a resident of California. Plaintiffs are children of Wright Percival by a prior marriage. We particularly noted that, in their prayer for relief, the children sought the Iowa "court's intercession in regard to the Iowa insurance trust only." *Percival*, 450 N.W.2d at 862. Notwithstanding the children's more expansive characterization, we concluded the action "to be in rem, or perhaps quasi in rem, but not in personam." *Id.* at 863.

Following remand the children amended their petition by adding a second count against Lydia. It alleges she intentionally and tortiously interfered with the children's interest in both trusts.

Lydia then surrendered her interest in the Iowa trust by consenting to judgment as to it in favor of the children. This left in dispute only the California trust, the one into which most assets had been transferred. At this point Lydia moved for judgment on the pleadings. The district court, in the ruling challenged in this appeal, found it had no personal jurisdiction over Lydia and sustained her motion. It dismissed the tort claim. This appeal followed.

■ Lydia's minimum contacts with Iowa appear woefully lacking under the standards we explained in the prior appeal. *Percival*, 450 N.W.2d at 863. *See also Meyers v. Kallestead*, 476 N.W.2d 65, 67 (Iowa 1991) (explaining five-factor minimum contacts analysis), *cert. denied*, —— U.S. ——, 112 S.Ct. 1294, 117 L.Ed.2d 517 (1992). The children rely on *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984), for what they call a "new strain of jurisdictional due process," the "effects test." *Calder*, they say, authorizes in personam jurisdiction in states where injuries impact upon their victims.

We do not believe *Calder* and its progeny rescue these plaintiffs. Their claim now pertains only to the California trust. Under its terms the trust is governed by California law. Lydia is a lifelong California resident. Wright Percival was living in California at the time he created the trust and made amendments to it. The only time Lydia ever visited Iowa was for a one-week social visit. Even assuming the children's allegations to be true, any undue influence on Lydia's part took place in California. The only potential contact of Lydia with Iowa is the fact that two of the five plaintiffs live here. Lydia cannot be said to have "purposefully [availed herself] of the privilege of conducting activities within [Iowa], thus invoking the benefits and protections of [Iowa's] laws." *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528, 542 (1985).

■ The claim against Lydia comes down to an assertion that she tortiously acquired California property. This is not sufficient to support jurisdiction over her in other states that happen to be the residences of others also interested in that California property. The fortuitous residence of plaintiffs, alone, is not sufficient to confer personal jurisdiction over a nonresident defendant. The minimum contacts

requirements demand conduct having to do with the state itself; they are not satisfied from a mere "effect" felt by a plaintiff within his or her state of residence.

Lydia's consent to judgment as to the Iowa trust concluded her dispute so far as Iowa jurisdiction is concerned. The trial court was correct in dismissing the children's new tort claim against her.

AFFIRMED.