# IN THE COURT OF APPEALS OF IOWA

No. 19-0830
Filed December 18, 2019

**STACEY L. SHERBURNE d/b/a G&S LAMBS,**
    Plaintiff-Appellant,

**vs.**

**ASHTON STATE BANK, a Nebraska Corporation,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Butler County, Rustin T. Davenport,

Judge.


Stacey Sherburne appeals the district court's dismissal of his action against

Ashton State Bank for lack of jurisdiction. **AFFIRMED.**



Ronald J. Pepples, Parkersburg, for appellant.

Mark Seda of Clark, Butler, Walsh & Hamann, Waterloo, for appellee.



Considered by Bower, C.J., and Vaitheswaran and Doyle, JJ.

**VAITHESWARAN, Judge.**

Iowa resident Stacey Sherburne, doing business as G&S Lambs, purchased $33,222.20 worth of lambs from a Nebraska resident. Ashton State Bank, located in Nebraska, held a security interest in the lambs. Sherburne filed a petition for declaratory judgment against the bank seeking a determination that its security interest was "not enforceable in the State of Iowa," "was never perfected" in Iowa, and was "junior to" his interests.

Ashton State Bank moved to dismiss the action for lack of personal jurisdiction. The district court granted the motion after concluding the bank did not have sufficient minimum contacts with Iowa. The court also rejected Sherburne's contention that the court could exercise in rem jurisdiction, reasoning Sherburne's claim was not "against $33,222.20 worth of lambs" because the lambs were "sold and no longer exist."

On appeal, Sherburne argues, "The trial court missed the nature and application of in rem jurisdiction under the facts of this case." Our review is for errors of law. *See Book v. Doublestar Dongfeng Tyre Co. Ltd.*, 860 N.W.2d 576, 582 (Iowa 2015).

Well over two decades ago, the Iowa Supreme Court stated jurisdiction based on the physical presence of a person's property in the forum—otherwise known as in rem or quasi in rem jurisdiction—was "swept away in *Shaffer v. Heitner*, 433 U.S. 186 [(1977)]." *In re Marriage of Kimura*, 471 N.W.2d 869, 873 (Iowa 1991). According to the court, *Shaffer* effectively "equated in personam jurisdiction with in rem and quasi in rem jurisdiction," meaning "a plaintiff [in Iowa] who is unable to obtain personal jurisdiction over a defendant will be unable to

obtain quasi in rem jurisdiction by virtue of the presence of defendant's property in the state." *Id.* at 873–74; *see also Percival v. Bankers Tr. Co.*, 450 N.W.2d 860, 863 (Iowa 1990) ("We think the considerations articulated by the Court in *Shaffer* are dispositive of the controversy before us."). Although the supreme court exempted dissolution-of-marriage proceedings from *Shaffer's* holding, the court did not otherwise distance itself from the minimum-contacts test reaffirmed in *Shaffer*. *Kimura*, 471 N.W.2d at 875; *see Shaffer*, 433 U.S. at 207 ("[I]n order to justify an exercise of jurisdiction in rem, the basis for jurisdiction must be sufficient to justify exercising 'jurisdiction over the interests of persons in a thing.' The standard for determining whether an exercise of jurisdiction over the interests of persons is consistent with the Due Process Clause is the minimum-contacts standard elucidated in *International Shoe* [*v. Washington*, 326 U.S. 310, 316–17 (1945)]." (internal citation and footnote omitted)). In fact, the supreme court continued to recognize the minimum-contacts test, albeit in a more abbreviated form. *See Ostrem v. Prideco Secure Loan Fund, LP*, 841 N.W.2d 882, 891–93 (Iowa 2014) (stating "[t]he touchstone of the due-process analysis remains whether the defendant has sufficient minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice" but moving away from the traditional "five-factor test" to "the modern framework, which evaluates . . . whether the defendant has purposefully directed his activities at residents of the forum and whether the litigation results from alleged injuries that arise out of or relate to those activities" (internal quotations and citations omitted)); *see also Addison Ins. Co. v. Knight, Hoppe, Kurnik & Knight, L.L.C.*, 734 N.W.2d 473, 476 (Iowa 2007) ("The minimum contacts

test is meant to insure the fairness and reasonableness of requiring a nonresident to defend a lawsuit in the forum state." (quoting *Taylor v. Trans-Action Assocs., Inc.*, 509 N.W.2d 501, 504 (Iowa Ct. App. 1993)); *Ross v. First Savings Bank of Arlington*, 675 N.W.2d 812, 816 (Iowa 2004) (considering five factors to determine whether nonresident bank had sufficient minimum contacts with Iowa).

As noted, the district court found insufficient minimum contacts between Ashton State Bank and Iowa. The court provided the following reasoning:

> Ashton State Bank did not have any direct contact with Iowa. It did not deal directly with Stacey Sherburne or G&S Lambs. It does not do business in Iowa, and it does not conduct any activity in Iowa. Its one and only connection with the state of Iowa is the fact that one of its customers sold lambs to an Iowa resident and the bank had a security interest in those lambs.
>
> The Court concludes that under any test, the bank does not have sufficient minimum contacts with Iowa. The bank did nothing to purposely direct its activities to residents of the state of Iowa. The bank's only involvement in the state of Iowa was through its security of the property in the possession of its customer . . . . There is not any basis to conclude that the bank is in any way bound by the acts of [its customer] when the bank did not have any possessory interest in the lambs.
>
> The fact that the lambs were sold to an Iowa purchaser is certainly a random or attenuated contact with Iowa. Rather than expecting the lambs to be sold to someone else, let alone someone in another state, the nature of the bank's security interest suggests that the bank expected the lambs to remain with [its customer] unless the bank otherwise consented to the sale of the lambs. Even if it can be argued that it was foreseeable that [the customer] would have defied the bank's security interest and gone ahead and sold the lambs, there was no way for the bank to know that those lambs in question would have been sold to someone in Iowa as opposed to someone else in Nebraska or someone in Kansas or South Dakota. The bank did nothing to purposely direct its activities at the residents of the state of Iowa.

Sherburne does not challenge the court's reasoning. He simply asserts "personal jurisdiction under the traditional test of minimum contacts and the five factors is not the only basis for establishing jurisdiction." To the contrary, whether framed as a

five-factor or two-factor test, a finding of sufficient minimum contacts was the only basis for establishing jurisdiction over Ashton State Bank. Because those contacts were absent, we discern no error in the district court's dismissal of Sherburne's lawsuit

**AFFIRMED.**